**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**CLEVELAND DIVISION**

In Re:

Heather Marie Banhidy

Debtor(s).

Case No. 19-17543

Chapter 13

Judge Jessica E. Price Smith

**IN REM MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST FOR RELIEF FROM STAY AND FOR ORDER UNDER 11 U.S.C. §362(d)(4) WHICH UPON RECORDATION SHALL BE EFFECTIVE AGAINST DEBTOR, CO-DEBTOR STEPHEN F BANHIDY, AND ANY PARTY TO WHOM THEY MAY TRANSFER THE REAL PROPERTY LOCATED AT 27226 COOK ROAD, OLMSTED FALLS, OH 44138 FOR TWO YEARS**

**27226 Cook Road, Olmsted Falls, OH 44138**

U.S. Bank Trust National Association, as Trustee of the TIKI Series III Trust ('Movant') moves this Court under Bankruptcy Code §§ 361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code §362**, and for order under 11 U.S.C. §362(d)(4) which upon recordation shall be effective against Debtor, Co-Debtor Stephen F Banhidy, and any party to whom they may transfer the real property located at 27226 Cook Road, Olmsted Falls, OH 44138 for two years**.

MEMORANDUM IN SUPPORT

1. This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On December 20, 2007, Heather M Banhidy ('Debtor') and Stephen F Banhidy ('Co-Debtor') obtained a loan from First Horizon Home Loans, a Division of First Tennessee Bank N.A. in the amount of $160,200.00. Such loan was evidenced by a Promissory Note dated December 20, 2007 (the 'Note'), a copy of which is attached as **Exhibit A**.

3. To secure payment of the Note and performance of the terms contained in it, the Debtor and Co-Debtor executed a Security Agreement in favor of First Horizon Home Loans, a Division of First Tennessee Bank N.A. dated December 20, 2007 (the 'Security Agreement'). The Security Agreement granted a lien on the Real Property known as 27226 Cook Road, Olmsted Falls, OH 44138 owned by the Debtor (the 'Collateral'). The Collateral is more fully described in the Security Agreement (check one)

☒ attached as Exhibit B

OR

☐ contained in the Note, attached as **Exhibit A**.

4. The lien created by the Security Agreement was perfected by (check all that apply):

☒ Filing of the Security Agreement in the office of the Cuyahoga County Recorder on December 26, 2007.

☐ Filing of the UCC-1 Financing Statement in the office of ______________ ____________________________________ on <DATE>.

☐ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity) ______________________

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title other document, as applicable, is attached as **'Exhibit B'**. Based on the Voluntary Petition and Schedules, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is U.S. Bank Trust National Association, as Trustee of the TIKI Series III Trust.

6. The entity servicing the loan is SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the TIKI Series III Trust.

7. The Note was transferred as evidenced by the following:

   a. If the Collateral is real estate:

      i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

         ☐ N/A.

         OR

         ☐ By endorsement on the Note, payable to:

         OR

         ☐ By blank endorsement on the Note.

         OR

         ☐ By allonge attached to the Note. payable to:

         OR

         ☒ By blank allonge, attached to the Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attached supporting documentation):

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <__>. Explain why it provides Movant the authority to endorse the Note:

ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached as Exhibit <_>.>

iv. Other _____________________________ [Explain].

b. If the Collateral is not real estate (check one):

☒ N/A.

OR

☐ From the original lender to <FIRST TRANSFEREE> by <STATE METHOD OR DOCUMENT EFFECTING TRASNFER>.
[ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT.]

8. The Security Agreement was transferred as follows (check one):

☐ N/A.

OR

☒ From the original lender, Mortgage Electronic Registration Systems, Inc. as nominee for the First Horizon Home Loans, a Division of First Tennessee Bank N.A. to Chase Home Finance LLC. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit C**.

☒ From Chase Home Finance LLC to Federal National Mortgage Association. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit D**.

☒ From Federal National Mortgage Association to MTGLQ Investors, L.P. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit E**.

☒ From MTGLQ Investors, L.P to U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit F**.

☒ From U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust to U.S. Bank Trust National Association, as Trustee of the TIKI Series III Trust. The transfer is evidenced by the Assignment of Mortgage attached to this Motion as **Exhibit G**.

9. The value of the Collateral is $149,800.00. This valuation is based on the Cuyahoga County Auditor's Property Report ('**Exhibit H'**).

10. As of the date of this Motion, there is due and owing on the Note the outstanding principal balance of 187,772.62, plus late fees and interest accruing thereon at the rate of 4.125% per annum as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph ten DOES NOT include a credit for the sum held in suspense account by the Movant. The amount of the credit is: N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☐ N/A.

☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

☒ Stephen F Banhidy, CO-Debtor

☐ <ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ [ADD ADDITIONAL PARTIES AS APPROPRIATE]>.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code §362(d) for this/these reason(s) (check all that apply):

☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons: <EXPLAIN>.

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to make periodic payments to the Movant since the commencement of this bankruptcy case for the months of _____________, which unpaid payments are in the aggregate amount of $__________ through ______________. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtor is delinquent in funding the plan, and therefore the trustee has failed to make periodic payments to Movant since the commencement of the bankruptcy case for the months of <STATE EACH MONTH AND YEAR>, which unpaid payments are in the aggregate amount of

<AMOUNT> through <DATE>. The total provided in this paragraph cannot be relied upon as a postpetition reinstatement quotation.

☐ Debtors have no equity in the Collateral, because the Collateral is valued at $______________, and include the Movant's lien, there are liens in an aggregate amount of $______________ on the Collateral.

☐ Debtor's plan provides for surrender of the Collateral.

☐ The property is not necessary to an effective reorganization because ______ _______________________________________.

☒ Other cause (set forth with specificity):
**Stephen F. Banhidy and Heather M. Banhidy filed a Chapter 13 Bankruptcy, Case No. 17-12116, on April 13, 2017 that was dismissed on June 22, 2017 for failure to make plan payments.**
**Stephen F. Banhidy and Heather M. Banhidy filed a Chapter 13 Bankruptcy, Case No. 17-14287, on July 21, 2017 that was dismissed on August 02, 2019 for failure to make plan payments.**
**Heather M. Banhidy currently filed a Chapter 13 Bankruptcy, Case No. 19-17543, on December 12, 2019 that halted the Foreclosure sale.**

**The filing of the petition is part of a scheme by Debtor to delay, hinder, and defraud Movant through multiple bankruptcy filings, including "tag team" filings with Stephen F. Banhidy, affecting the real property located at 27226 Cook Road, Olmsted Falls, OH 44138. The Debtor's past behavior exhibits an intent to continually file subsequent petitions, clearly to further frustrate her creditors, without the ability or intent to successfully prosecute her cases.**

14. Movant has completed the worksheet attached as **Exhibit I**.

**WHEREFORE, Movant respectfully requests that this Court enter an Order effective for two years as to Debtor, Co-Debtor Stephen F Banhidy, and any party to whom they may transfer the Real Property located at 27226 Cook Road, Olmsted Falls, OH 44138, as attached hereto, terminating the Automatic Stay allowing Movant ("Movant") to exercise its legal rights under applicable law as to the Property, including but not limited**

**to foreclosure against the Property under the Mortgage, and grant prospective relief from the automatic stay such that any future bankruptcy filings within two years by either the Debtor, Co-Debtor Stephen F Banhidy or any party to whom they may transfer the Property will not hinder Movant's ability to exercise its rights under the Mortgage and will not require relief from the automatic stay in that case, and for such other and further relief as this court deems just and proper.**

Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2020, a true and correct copy of this Motion was served:

Via the Court's ECF System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

William J. Balena, Debtor's Counsel
docket@ohbksource.com

Lauren A. Helbling, Trustee
ch13trustee@ch13cleve.com

Office of the U.S. Trustee
(registeredaddress)@usdoj.gov

And by regular U.S. Mail, postage pre-paid on:

Heather Marie Banhidy, Debtor
27226 Cook Road,
Olmsted Falls, OH 44138

Stephen F Banhidy
27226 Cook Road,
Olmsted Falls, OH 44138

/s/ Jon J. Lieberman
Jon J. Lieberman (0058394)
Attorney for Movant